**Jaime RODRIGUEZ, Appellant**

v.

**Warden Troy WILLIAMSON.**

No. 06–5036.

United States Court of Appeals,
Third Circuit.

Submitted for Possible
Summary Action
Under Third Circuit LAR 27.4 and
I.O.P. 10.6 June 14, 2007.

Filed: July 18, 2007.

Jaime Rodriguez, Lewisburg, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Appellee.

Before: BARRY, AMBRO and FISHER, Circuit Judges.

## OPINION

PER CURIAM.

Jaime Rodriguez, an inmate at United States Penitentiary in Lewisburg, Pennsylvania, was convicted in the United States District Court for the Southern District of New York for conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1). Rodriguez was sentenced to 300 months imprisonment. The trial court denied Rodriguez'

subsequent motion to vacate under 28 U.S.C. § 2255.

In July 2006, Rodriguez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania. Rodriguez claimed that pursuant to the recent statutory interpretation of 21 U.S.C. § 841(b)(1)(A) in *United States v. Gonzalez*, 420 F.3d 111 (2nd Cir.2005), he was improperly convicted and actually innocent of the § 841(b)(1)(A) offense. The District Court dismissed the petition for lack of jurisdiction. The District Court also denied Rodriguez' motion to alter or amend its judgment.[1]

As an initial matter, we are not bound by the Second Circuit's decision in *Gonzalez* and therefore decline to determine whether, as Rodriguez argues, it is retroactively applicable on collateral review or otherwise rendered the sentencing court without jurisdiction. Furthermore, we agree with the District Court's thorough analysis set forth in its memorandum opinions dated September 28, 2006 and November 26, 2006. In short, Rodriguez' reliance on *In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997) is misplaced. In *Okereke v. United States*, 307 F.3d 117 (3d Cir.2002) we recognized the narrowness of our holding in *Dorsainvil*. 307 F.3d at 120. We held that an intervening change in law affecting sentencing did not render the petitioner's offense of conviction, conspiracy to import heroin, noncriminal. *See id.* Accordingly, we concluded that § 2255 was not "inadequate or ineffective" to raise the claim, and thus the District Court lacked jurisdiction to consider the § 2241 petition. *See id.* at 121. Similarly, Rodriguez' claim does not render his offense of conviction noncriminal, and thereby does not fall

---

1. As a federal prisoner, Rodriguez is not required to obtain a certificate of appealability to appeal the denial of his § 2241 petition.

*United States v. Cepero*, 224 F.3d 256, 264–65 (3d Cir.2000).

within the "inadequate or ineffective" safety valve of § 2255.

Because § 2241 petitions are to be filed in the district of confinement, we find no error in the District Court's failure to transfer the matter to the Second Circuit. *See* 28 U.S.C. § 1404(a).

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. Third Circuit LAR 27.4; Third Circuit I.O.P. 10.6.